**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**SHUNDA WILKINS,**

*Plaintiff*,

v. Case No. 2:25-cv-03054-BCL-tmp

**WELLS FARGO N.A.**,

*Defendant*.

---

**ORDER DENYING REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION TO DISMISS**

---

Before the Court is Chief Magistrate Judge Tu M. Pham's Report and Recommendation, entered September 4, 2026.[1] Doc. 11. The Report recommends that Defendant's Motion to Dismiss (Doc. 6) be denied. Doc. 11 at 7. Defendant filed timely objections to the Chief Magistrate Judge's recommendation. Doc. 13. For the reasons that follow, the Court **SUSTAINS** Defendant's objections (Doc. 13) and **REJECTS** the Report and Recommendation. Doc. 11. Defendants' Motion to Dismiss (Doc. 6) is **GRANTED**.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of certain district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28

---

[1] The case was originally assigned to Chief Judge Sheryl H. Lipman. Doc. 2. Chief Judge Lipman transferred the case to the undersigned in March 2026. Doc. 8.

U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id*. at 151.

## PROCEDURAL BACKGROUND

On September 26, 2025, Plaintiff filed this lawsuit asserting a number of claims against Defendant arising out of a 2015 foreclosure (although the Complaint dates it to March 2014). Doc. 1-1; Doc. 6-2. Plaintiff asserts ten claims, including breach of contract (count 1), breach of implied covenant of good faith and fair dealing (count 2), promissory estoppel (count 3), negligence (count 4), fraudulent concealment (count 5), constructive fraud (count 6), negligent misrepresentation (count 7), detrimental reliance (count 8), violations of the Fair Debt Collection Practices Act ("FDCPA") (count 9), and violations of 12 C.F.R. § 1024.41, a federal regulation governing the enforcement of the Real Estate Settlement Procedures Act ("RESPA") (count 10). Doc. 1-1 at 4-15. In addition to other forms of relief, she seeks at least $2,000,000 in damages. *Id.* at 15.

At issue here is the statute of limitations. Recall that the foreclosure occurred in 2015 (or March 2014), roughly a decade before the September, 26, 2025 initiation of this lawsuit. To get around any legal impediment created by that delay, Plaintiff alleges that, on August 6, 2024, Defendant "admitted guilt that they wrongfully foreclosed" and provided her a check. Doc. 1-1 at 3. Plaintiff also alleges that "on March 5, 2025, Wells Fargo tried to settle for an additional $2,000 but did send a check to Plaintiff for $2,500." *Id.* "The letter also stated that Plaintiff still would

have the right to file a suit even if she did accept the $2,500." *Id.* According to the Complaint, "[t]he fact that this took place in 2025 renders the statute of limitations as moot." *Id.*

Defendant moved to dismiss based on the statute of limitations, arguing that every claim was subject to statute of limitations between one and six years, making each claim untimely based on the facts alleged in the complaint. Doc. 6 at 2-3. In her Opposition, Plaintiff did not deny that the statutes of limitations would have run in the ordinary course; rather, she argued that Defendant "reopened the case" with its actions at the March 5, 2025 "mediation hearing "where [Defendant] offered as much as $2,500 to make this case go away"—what Plaintiff calls an "admission of guilt." Doc. 7 at 3. Plaintiff also invoked the doctrine of "equitable tolling" because she "was unaware until very recently the scope of the fraud upon the court." *Id.*

In a short passage at the end of the Report and Recommendation, Chief Magistrate Judge Tu M. Pham recommended denial of the Motion to Dismiss:

> While not a model of clarity, Wilkins's pro se complaint sufficiently alleges facts that Wells Fargo engaged in conduct that could equitably toll the federal claims, *see Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998), and toll the Tennessee state law claims under the doctrines of equitable estoppel and fraudulent concealment*, see Redwig v. Catholic Bishop Diocese of Memphis*, 363 S.W.3d 436, 460 (Tenn. 2012). At this early stage of the litigation, where the parties have not yet engaged in any discovery, the record has not been developed such that a determination can be made on the issue of whether equitable tolling applies. Wells Fargo may litigate this issue again after the parties engage in discovery relating to equitable tolling.

Doc. 11 at 6-7. Defendant timely objected, arguing that Plaintiff's allegations do not support any exception to the usual operation of the statutes of limitations, and that Plaintiff's claims therefore are untimely. Doc. 13.

## ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides that a claim may be dismissed for "failure to state a claim upon which relief can be granted." When, as here, it is "affirmatively

appears from the face of the complaint that the time for bringing the claim has passed," the plaintiff bears an "obligation to plead facts in avoidance of the statute of limitations defense." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008).

Generally, "[a] district court is not permitted to consider matters beyond the complaint" when considering a motion to dismiss under Rule 12(b)(6). *Mediacom Se. LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012). A court may, however, consider exhibits attached to the complaint as well as public records, items appearing in the record of the case, and exhibits attached to the motion to dismiss "so long as they are referred to in the complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

To survive a Rule 12(b)(6) motion to dismiss, the petition must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a motion to dismiss, the court must accept all well-pleaded allegations as true and construe the record in the light most favorable to the non-moving party. *Phila. Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013). But "[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Bishop*, 520 F.3d at 519.

Analyzed under those standards, Plaintiff's Complaint fails. The starting point is that it is undisputed that Plaintiff's claims are, absent an exception to the statute of limitations, untimely by at least four years. And Plaintiff has not pled facts plausibly supporting an exception to any of the statutes of limitations.

**A. The Complaint does not plead facts supporting equitable tolling.**

A party seeking to establish "equitable tolling of a statute of limitations, a litigant must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 250 (2016). Further, the Sixth Circuit has identified five non-exclusive factors for use in determining when equitable tolling is appropriate. Doc. 13 at 3.

> 1) lack of notice of the filing requirement; 2) lack of constructive notice of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Townsend v. Soc. Sec. Admin.,* 486 F.3d 127, 132 (6th Cir. 2007).

Plaintiff's complaint alleges no facts speaking to the elements of equitable tolling, nor to the various factors that might inform its application. Plaintiff does not allege that she did not know—much less points to facts showing that she should not reasonably have known—of the statute of limitations. Nor does she allege facts showing diligence in pursuing her rights, nor that she was reasonable in remaining ignorant of the statute of limitations. Nor does she identify an extraordinary legal circumstance standing in her way. Rather, she alleges only that Defendant "reopened" the statute of limitations in 2025, long after it expired. That allegation is irrelevant here because it seeks to reopen a closed statute of limitations, whereas equitable tolling speaks to events occurring before the statute of limitations expired, to explain why the Plaintiff did not comply. And while Plaintiff now claims to have been unaware of the "scope of fraud upon the Court" (Doc. 7 at 3), that allegation is not in the Complaint and, in any event, is conclusory and therefore insufficient to avoid a motion to dismiss. *Bishop*, 520 F.3d at 519.

**B. The Complaint does not plead facts supporting fraudulent concealment.**

A plaintiff must allege four elements to establish a claim for fraudulent concealment:

> (1) an affirmative act by the defendant to conceal the cause of action or the failure to disclose material facts despite a duty to speak; (2) that the plaintiff could not have discovered the cause of action despite exercising reasonable care and diligence; (3) the defendant must be aware of the wrong; (4) the concealment of material information from the plaintiff by withholding

> information or making use of some device to mislead the plaintiff in order to exclude suspicion or prevent inquiry.

*Coffey v. Coffey*, 578 S.W.3d 10, 22 (Tenn. Ct. App. 2018) (citing *Redwing*, 363 S.W.3d at 462–63). Thus, "[p]laintiffs asserting the doctrine of fraudulent concealment to toll the running of a statute of limitations must demonstrate that they exercised reasonable care and diligence in pursuing their claim." *Id.*

Again, and for largely the same reasons, the Complaint fails to plead facts supporting these elements and, thus, fraudulent concealment. Plaintiff does not allege any act by Defendant concealing the cause of action, nor establishing a duty to speak, much less during the limitations period. Nor does she explain why she could not have discovered her claims through the exercise of reasonable care and diligence. Nor does she allege an act that misled her or that concealed material information from her. Nor does she allege facts showing that Defendant took such actions knowingly. As with equitable tolling, so with fraudulent concealment: The purported "reopening" of the statute of limitations long after it closed simply does not speak to fraudulent concealment, which is concerned with acts that frustrate a plaintiff's ability to comply with the statute of limitations while it remains open.

**C. The Complaint does not allege facts supporting equitable estoppel.**

As the Supreme Court of Tennessee has determined, a party invoking equitable estoppel must bear the burden of proving:

> that the defendant induced him or her to put off filing suit by identifying specific promises, inducements, suggestions, representations, assurances, or other similar conduct by the defendant that the defendant knew, or reasonably should have known, would induce the plaintiff to delay filing suit. The plaintiff must also demonstrate that [his or her] delay in filing suit was not attributable to [his or her] own lack of diligence.

*Redwing*, 363 S.W.3d at 460 (internal citations and quotations omitted). Effectively, "where equitable estoppel has been raised, … a court must determine whether the defendant engaged in

conduct specifically designed to prevent the plaintiff from suing in time." *Fahrner v. SW Mfg., Inc.*, 48 S.W.3d 141, 145 (Tenn. 2001).

Once again, Plaintiff's complaint does not allege facts plausibly establishing these requirements. There is no mention of any "promises, inducements, suggestions, representations, assurances, or other similar conduct" designed to put Plaintiff off filing suit, much less during the limitations period. Nor, again, does the Complaint plead facts establishing Plaintiff's diligence.

**D. The Complaint does not allege facts supporting revival of a cause of action.**

Although the Report and Recommendation does not mention it, Tennessee law does allow a limited exception to the general rule that courts may not add exceptions to the statute of limitations: A defendant may revive a claim by expressly promising to pay a debt, or by acknowledging the debt and expressing an unqualified willingness to pay it. *See Ingram v. Earthman*, 993 S.W.2d 611, 634 (Tenn. Ct. App. 1998). It appears Plaintiff meant to invoke that exception in referring to an August 2024 letter and a March 2025 mediation, the first of which purportedly included an "admi[ssion] of guilt." Doc. 1-1 at 3. However, the revival doctrine does not apply because Defendant did not fail to pay a debt owed to Plaintiff, but is instead alleged to have wrongfully foreclosed on Plaintiff's property. The revival doctrine is limited by its logic to situations in which there exists a preexisting debt that the Defendant acknowledges owing and implicitly or explicitly promises to pay. *See Graves v. Sawyer*, 588 S.W.2d 542, 543 (Tenn. 1979) ("[T]he acknowledgment of the debt will be construed as a 'willingness to pay' when the facts and circumstances surrounding the parties indicate an intention on the part of the debtor to revitalize the original promise, or as imparting vitality to the remedy (which, by lapse of time, has become extinct), and thus enabling the creditor to recover upon his original contract."); *Swett v. Binkley*, 104 S.W.3d 64, 68 (Tenn. Ct. App. 2002) ("A payment of interest on a note by the maker is

specifically referable to the debt, and it is a logical inference that the maker thereby acknowledged the debt and intends to pay it. A payment on an unliquidated disputed claim does not support the same inferences. That the payer was making a compromise payment in settlement of the entire claim is equally as plausible."). The doctrine therefore has no application here.

## CONCLUSION

For the foregoing reasons, the Court hereby **REJECTS** the Report and Recommendation. Doc. 11. Defendant's Motion to Dismiss (Doc. 6) is **GRANTED**. Plaintiff, as a pro se litigant, **MAY** file an amended complaint by November 2, 2026. Plaintiff is **ADVISED** that if she fails to file an amended complaint as allowed, this dismissal will be final and this case will be closed.

**IT IS SO ORDERED**, this 17th day of October, 2026.

s/*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE